Case 4:17-cv-00392 Document 15 Filed on 10/25/17 in TXSD Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
October 30, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARRYL W. AUSTIN §<br>§<br>Plaintiff, §<br>§<br>V. §<br>§<br>JAY JENKINS, ET AL. §<br>§<br>Defendant. §<br>§ | CIVIL ACTION NO. 4:17-CV-00392 |

## <u>MEMORANDUM AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, TO GRANT DEFENDANT'S MOTION TO COMPEL JOINDER, AND TO DENY DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN A PARTY UNDER RULE 19</u>

Before the Magistrate Judge upon referral from the District Judge is Defendant Jay Jenkins's Motion to Dismiss for Failure to State a Claim (Document No. 6), and Defendant Jenkins's Motion to Compel Joinder or, alternatively, to Dismiss pursuant to Rule 12(b)(7) (Document No. 7). Having considered the motions, the responses, the additional briefing, the claims alleged by Plaintiff in the Original Complaint, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss for Failure to Sate a Claim (Document No. 6) be DENIED, Defendant's Motion to Compel Joinder (Document No. 7) be GRANTED, and Defendant's Motion to Dismiss Pursuant to Rule 12(b)(7) be DENIED.

### I. Background and Procedural History

This action arises from the alleged breach of a performance contract between Plaintiff Darrel Austin ("Austin") and Defendants Jay Jenkins ("Jenkins"), YJ Productions and Concerts

("YJ Productions"), and Samuel Mumphrey ("Mumphrey") for a concert to be performed at the Arena Theatre, 7326 Southwest Freeway, Houston, TX 77004, on December 9, 2016. Austin alleges in his complaint that on or about October 6, 2015, he and YJ Productions agreed that Jay Jenkins would give a 60-minute performance on December 9, 2016, at Multi-Events Arena, Ltd. d/b/a Arena Theatre and Arena Concerts GP, Inc. ("Arena Theatre"). (Doc. 1, p. 3). After Austin signed the contract, he began advertising and selling tickets for Jenkins's performance. (Doc. 1, p. 3). He also paid a $30,000 deposit to guarantee the performance. (Doc. 1, p. 3). Upon receiving word through an authorized agent that Jenkins would not perform at Arena Theatre on December 9, Austin posted a notice on Arena Theatre's social media accounts announcing that Jenkins had cancelled the performance and that ticket prices would be refunded at 100%.

Austin then brought this suit against Jenkins, YJ Productions, and Mumphrey, asserting the following claims: (1) breach of contract, (2) false representations and detrimental reliance, (3) fraud and conversion, (4) tortious interference with agreement, and (5) accounting. (Doc. 1, pp. 5-9). Jenkins, in response, maintains he had no knowledge of the contract and that it was neither negotiated nor signed by his duly authorized agent, and has asserted counterclaims against Austin for defamation, wrongful disclosure of private facts, violations of the Texas Debt Collection Practices Act, and interference with prospective contractual or business relations. (Doc. 5, p. 8). Jenkins also asserted cross-claims against YJ Productions and Mumphrey for invasion of privacy, wrongful disclosure of private facts, and interference with prospective contractual and business relations by false representation. (Doc. 5, p. 8). Jenkins seeks indemnity from Mumphrey and YJ Productions for any liability that may be attributed to Jenkins, or in the alternative, contribution from Mumphrey and YJ Productions for his share of the responsibility for injuries to the plaintiff. (Doc. 5, p. 9).

Jenkins has filed a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted and a Rule 19 Motion to Compel Joinder or, alternatively, a Rule 12(b)(7) Motion to Dismiss for Failure to Join A Party under Rule 19. (Doc. 5, pp. 10, 12). In the Rule 12(b)(6) Motion, Jenkins argues Austin has failed to state a claim upon which relief may be granted because Jenkins had no knowledge of the contract agreement which forms the basis for Austin's complaint. (Doc. 5, p. 6). In the Rule 19 Motion to Compel Joinder, Jenkins argues that Arena Theatre has potential claims against the defendants to the same extent and of the same type as the plaintiff in this action arising out of its employer/employee relationship with Austin that includes joint ventures they engage in for mutual benefit, such as the one that is at issue in this case. (Doc. 5, p. 11). In the Rule 12(b)(7) Motion, Jenkins argues that Arena Theatre is an indispensable party to this action under Rule 19(b), and if joinder is not feasible for any reason the Court must dismiss plaintiff's action. (Doc. 5, p. 12).

## II.  Standard of Review

### a. Motion to Dismiss for Failure to State a Claim under 12(b)(6)

Rule 12(b)(6) motions to dismiss are a disfavored means of disposing of a case and should be denied unless the moving party can show, beyond a doubt, that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When considering a 12(b)(6) motion, a court must accept all of the plaintiff's factual allegations as true and resolve all ambiguities or doubts regarding the sufficiency of the complaint in the plaintiff's favor. *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993). Because the federal rules require only general notice pleading, a court must also liberally construe a plaintiff's allegations. *United States v. Uvalde Consol. Indep. Sch. Dist.,* 625 F.2d 547, 549 (5th Cir. 1980).

However, even liberally construed, a complaint will not survive a motion to dismiss if it relies solely on "conclusory allegations or legal conclusions masquerading as factual conclusions." *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes*, 987 F.2d at 284).

Rule 12(b)(6) is read in conjunction with the pleading standard set forth in Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677-68, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). This standard does not require detailed factual allegations. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). However, a party's "obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). To survive a Rule 12(b)(6) motion, the complaint and any other matters properly considered must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court, drawing upon its "judicial experience and common sense," to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* at 678 (citing *Twombly*, 550 U.S. at 556), *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

4

### b. Rule 19(a) Motion to Compel Joinder or, Alternatively, Rule 12(b)(7) Motion to Dismiss for Failure to Join a Party under Rule 19.

A defendant may seek to join parties in an action pursuant to Federal Rule of Civil Procedure 19(a). Rule 19(a)(1) provides that the party must be joined if it is subject to process, its joinder does not deprive the court of subject matter jurisdiction, and if:

> (A) in the party's absence, the court cannot accord complete relief among existing parties; or
> (B) that party claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the party's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009).

The party advocating joinder bears the initial burden of demonstrating that a missing party is necessary. *Id.* Once the movant presents facts indicating that a "possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id.* If the absent party is necessary, but it "cannot be joined without destroying subject-matter jurisdiction, the court must then determine whether that person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party." *Id.* Determining whether an entity is an indispensable party is a highly-practical, fact-based endeavor. *Id.* Even in diversity cases, the joinder determination is a question of federal law. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125, 88 S. Ct. 733, 19 L. Ed. 2d 936 (1968). "To be sure, state-law questions may arise in determining what interest the outsider actually has, but the ultimate question whether, given those state defined interests, a federal court may proceed without the outsider is a federal matter." *Id.* (internal citation omitted).

Federal Rule of Civil Procedure 12(b)(7) permits dismissal for failure to join an indispensable party under Rule 19. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). It "allows for both the joinder of parties who should be present in order to have a 'fair and complete resolution of the dispute,' and for the dismissal of lawsuits 'that should not proceed in the absence of parties that cannot be joined.'" *Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd.*, 570 F.3d 219, 230-31 (5th Cir. 2009), *citing HS Res., Inc. v. Wingate*, 327 F.3d at 438. Rule 19 sets out a two-step inquiry: whether a party should be added under the requirements of Rule 19(a), and whether litigation can properly proceed without the absent party under the requirements of Rule 19(b). *August v. Boyd Gaming Corp.*, 135 Fed. Appx.731, 732 (5th Cir. 2005).

The party seeking the joinder bears the initial burden of demonstrating that the person is necessary. *Hood*, 570 F.3d at 628; *Carder v. Continental Airlines, Inc.*, No. H-09-3173, 2009 U.S. Dist. LEXIS 110671, 2009 WL 4342477, 4 (S.D. Tex. Nov. 30, 2009) (The movant bears the burden of producing evidence which shows the nature of the absent party's interest and protection of that interest will be impaired or impeded without joinder of that party). After "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id.*, *citing Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006).

If the absent party should be joined under Rule 19(a), but suit cannot proceed without that party under 19(b) because it is indispensable, the case must be dismissed. *August*, 135 Fed. Appx. at 732. "The threat of multiple litigation will not make a party indispensable, but the threat of inconsistent obligations will." *Cornhill Insurance PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir.), *cert denied*, 522 U.S. 818, 118 S. Ct. 69, 139 L. Ed. 2d 30 (1997). If the party is not

6

indispensable, the case can proceed without joining an additional party or parties. *Hood*, 570 F.3d at 629. The proper inquiry in weighing these factors is "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at 633, *quoting* Rule 19(b).

### III. Discussion

#### a. Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. Plaintiff Austin asserts in his complaint that Defendants breached a contract for a performance agreement along with other claims relating to the breach. (Doc. 1, p.1). "The essential elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach." *See B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.-Houston [1st Dist.] 2009, pet. denied).

Austin provided a copy of the contract with his complaint that is the basis for his allegations. (Doc. 1-1, pp. 1-12). The contract is twelve pages long and includes the date and location of the performance, the length of the performance, and the set fee for the performance along with method of payment information. The contract also includes specific details about travel schedules, hotel accommodations, security requirements, and dressing room hospitality items. Each page of the contract contains the header "JEEZY," and is initialed by the Plaintiff Austin and Jewell Bridgette, who signed as "Authorized Artist Signatory." (Doc. 1-1, p. 4).

Austin alleges he paid $30,000 in advance to guarantee the performance of Jenkins at the Arena Theatre on December 9, 2016, and that Jenkins did not perform on that date. (Doc. 1, pp. 3-4). As a result of Jenkins's non-performance, Austin alleges that he was denied benefits from Jenkins's performance which would have had profits exceeding $100,000, that he forewent the opportunity to host other events when he relied on Jenkins's performance, incurred expenses in preparing for the performance, including radio advertisements and other promotional activities, and that his reputation has been damaged because it appears that he falsely advertised and sold tickets to Jenkins's performance.

After review of Austin's complaint and accompanying documents, the Court finds he has stated a claim for breach of contract that is plausible on its face. *See Iqbal*, 556 U.S. at 678. As for the additional claims of false representations and detrimental reliance, fraud and conversion, and tortious interference with agreement, Jenkins made no argument specific for these claims to be dismissed pursuant to Rule 12(b)(6). In all, because Austin's allegations, taken as true, state a plausible breach of contract claim, and because Jenkins has not specifically argued for dismissal of the other claims, Jenkins's 12(b)(6) motion should be DENIED.

### b. Motion to Compel Joinder under Rule 19, or alternatively, a Rule 12(b)(7) Motion to Dismiss for Failure to Join a Party under Rule 19

In support of the Rule 19 Motion to Compel Joinder, Jenkins asserts that Austin acted in his capacity as an employee of Arena Theatre when he negotiated and signed the contract that forms the basis of this action. (Doc. 5, p. 10). Attached to Jenkins's motion is a copy of Austin's Facebook profile page in which Austin identifies himself as "Director of Booking and Marketing at Arena Theatre." (Doc. 11, Exhibit 1). Additionally, Arena Theatre's Facebook page lists its email handle as "@arenahouston.com." (Doc. 11-2, p. 2), and Jenkins has submitted a

8

threatening email allegedly sent by Austin from an "@arenahouston.com" handle. (Doc. 11-3, p. 1). Jenkins alleges that Austin used the threatening email from the @arenahouston.com handle in an attempt to enforce the performance agreement against him. (Doc. 5, p. 10). Jenkins also alleges that after he refused to respond to the threats, Austin, in his capacity as an employee of Arena Theatre, engaged in defamation, wrongful disclosure of private facts, violations of the Texas Debt Collection Practices Act, and interference with prospective contractual or business relations. (Doc. 5, p. 10). Jenkins refers to Arena Theatre's official Instagram account that contains a post that Jenkins "unilaterally cancelled" his performance, refused to refund the deposit paid for the performance, and declined to accept an offer for a private jet to fly him to the performance. (Doc. 11-4). Based on the connections between Austin and Arena Theatre, Jenkins maintains that Arena Theatre should be joined as a party in this case. Austin, in response to Jenkins's motion to compel joinder, stated he acted as an independent promoter in his negotiations with Jenkins's representatives. (Doc. 9, p. 1). He claims that neither Arena Theatre nor Arena Concerts GP has potential claims against Jenkins, and that neither party is indispensable to the resolution of this lawsuit. (Doc. 9, p. 2).

  No one argues that Arena Theatre is not subject to process or that its joinder would deprive the court of subject matter jurisdiction. As for whether Arena Theatre should be joined as a party, Rule 19(a)(1)(A) requires joinder of a party if, in that party's absence, the court cannot accord complete relief among existing parties. Here, Austin identified himself as Director of Booking and Marketing for Arena Theatre and Arena Theatre's social media accounts contained posts related to the performance at issue. In addition, Jenkins's counterclaims against Austin relate, at least in part, to Austin's relationship with Arena Theatre and the publicity for the performance at issue. Thus, with respect to Jenkins's counter-claims, Arena Theatre should be

9

joined as a party so that complete relief can be accorded. Because Arena Theatre has not yet been joined, it should be made a counterclaim defendant pursuant to Rule 19(a)(2).

### IV. Conclusion and Recommendation

Based on the foregoing, the Magistrate Judge RECOMMENDS that Jenkins's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Document No. 6) be DENIED, that Defendant's Motion to Compel Joinder (Document No. 7) be GRANTED, and that Defendant's Rule 12(b)(7) Motion to Dismiss (Document No. 7) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(c), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 25th day of October 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE