UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARRYL W AUSTIN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:17-CV-392 |
| § | |
| JAY JENKINS, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

Pending in the above-referenced cause is Defendant Jay Jenkins's Motion to Dismiss for Failure to State a Claim (Document No. 6), Jenkins's Motion to Compel Joinder or, alternatively, to Dismiss pursuant to Rule 12(b)(7) (Document No. 7), Plaintiff Darryl Austin's Response in Opposition to Jenkins's Motion to Dismiss (Document No. 8), Austin's Response in Opposition to Jenkins's Motion for Joinder (Document No. 9), and Jenkins's Reply to Austin's Response (Document No. 11). On October 25, 2017, the Magistrate Judge issued her Memorandum and Recommendation (M&R) recommending that Jenkins's Motions to Dismiss be denied and that Jenkins's Motion to Compel Joinder be granted. Document No. 15. Jenkins filed no objections to the denial of his motions to dismiss, but Austin filed an objection to the Magistrate's M&R concerning the recommendations on joinder. Document No. 16. As there are no objections to the M&R concerning the recommendations on the Motions to Dismiss, the Court adopts the M&R as to those issues. Upon further review of Magistrate Judge Stacy's recommendations concerning joinder, the pleadings, Austin's objections (Document No. 16), Jenkins's response (Document No. 17), and the law, the Court concludes that Jenkins's Motion to Compel Joinder (Document No. 7) should be granted.

# BACKGROUND

Austin filed this action against Defendants Jay Jenkins, YJ Productions and Concerts (YJ Productions), and Samuel Mumphrey (collectively "Defendants) for the alleged breach of a performance contract. In his complaint, Austin alleges that on or about October 6, 2015, he and YJ Productions agreed that Jay Jenkins would give a sixty-minute performance on December 9, 2016, at Multi-Events Arena, Ltd. d/b/a Arena Theatre and Arena Concerts GP, Inc. (Arena Theatre) located at 7326 Southwest Freeway, Houston, TX 77004. Document No. 1 at 3. After the contract was signed, Austin began promoting and advertising the performance, including selling tickets for the event. Document No. 1 at 3. Austin also paid a $30,000 deposit to Defendants to guarantee the performance. Document No. 1 at 3. But, before the performance, Austin received word that Jenkins would not perform. Document No. 1 at 4. Austin then sent out word that the performance was cancelled and promised a refund at 100% of the ticket price for all those who had purchased tickets. Document No. 1 at 4.

Subsequently, Austin filed suit against Defendants asserting the following claims: (1) breach of contract, (2) false representations and detrimental reliance, (3) fraud and conversion, (4) tortious interference with agreement, and (5) accounting. Document No. 1 at 5–9. In his answer, Jenkins argues that he was unaware that YJ Productions and Mumphrey had negotiated the contract on his behalf and denies that they were authorized to do so. Document No. 5 at 2–3. Jenkins also asserted counterclaims against Austin for defamation, wrongful disclosure of private facts, violations of the Texas Debt Collection Practices Act, and interference with prospective contractual or business relations. Document No. 5 at 8. Jenkins further asserted cross claims against YJ Productions and Mumphrey for invasion of privacy, wrongful disclosure of private

facts, and interference with prospective contractual and business relations by false representation. Document No. 5 at 8. Jenkins seeks indemnity from Mumphrey and YJ Productions for any liability that may be attributed to Jenkins, or in the alternative, contribution from Mumphrey and YJ Productions for his share of the responsibility for injuries to Austin. Document No. 5 at 9.

Jenkins then filed a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Document No. 6) and a Rule 19 Motion to Compel Joinder or, alternatively, a Rule 12(b)(7) Motion to Dismiss for Failure to Join a Party under Rule 19 (Document No. 7). In his first motion to dismiss, Jenkins argues that Austin has failed to state a claim because Jenkins had no knowledge of the underlying contract. Document No. 6. In his Motion to Compel Joinder, Jenkins argues that Arena Theatre has potential claims against the Defendants to the same extent and of the same type as Austin because of its employer/employee relationship with Austin. Further, Jenkins argues that Austin's relationship with Arena Theatre includes joint ventures that they engage in for mutual benefit, such as the once that is at issue in this case. Document No. 7. Finally, in his Rule 12(b)(7) Motion to Dismiss, Jenkins argues that Arena Theatre is an indispensable party to this action under Rule 19(b), and if joinder is not feasible for any reason, the Court must dismiss Austin's action. Document No. 7.

## Discussion

If a party files objections to the magistrate judge's M&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Here, Austin objects to the Magistrate Judge's recommendation that Arena Theatre should be joined as a party under Federal Rule of Civil Procedure 19(a)(2) as a counterclaim defendant. Document No. 16 at 1. Austin argues that

Arena Theatre should not be made a counterclaim defendant in this case because Jenkins did not ask the Court to make Arena Theatre a counterclaim defendant and because it would be Jenkins responsibility to join Arena Theatre as a counterclaim defendant since he is the counterclaim plaintiff. Document No. 16 at 1–2. Austin further argues that Jenkins has not met his burden of establishing that Arena Theatre is a necessary party. Document No. 16 at 2.

Under Rule 19(a)(1), the Court must join a party who is subject to process and whose joinder would not destroy the Court's subject-matter jurisdiction if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). "[T]he party advocating joinder has the initial burden of demonstrating that a missing party is necessary . . . ." *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). But, "when an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986) (citing *Boles v. Greeneville Hous. Auth.*, 468 F.2d 476, 478 (6th Cir. 1972)).

Here, Jenkins presented evidence that Austin identifies himself as Arena Theatre's Director of Booking and Marketing. Document No. 11-1. Jenkins alleges that at all times during the events at issue in this suit Austin was acting in his capacity as an agent for Arena Theatre. Further, Jenkins produced emails received from booking@arenahouston.com threatening legal action against Jenkins should he refuse to perform. Document No. 11-3. A similar email address with the same domain name, ticketing@arenahouston.com, was listed on Arena Theatre's social

media accounts as the email through which to contact Arena Theatre. Document No. 11-2 at 2. Jenkins also refers to Arena Theatre's social media posts announcing the performance's cancellation and to an email Arena Theatre sent to ticketholders about the cancellation. Document No. 11-4 & 11-5 at 1–4. The posts and email stated that "the Arena Theatre agreed to pay Jeezy an additional $30,000 above the contracted fee." Document No. 11-4 and 11-5 at 1, 3. While Austin argues that he was an independent promoter and that Arena Theatre was not involved in the contract negotiations at all, the social media posts and email communications tell a different story.

Because of Austin's relationship to Arena Theatre and because several of Jenkins's counterclaims involve the social media posts published on Arena Theatre's Instagram page and the email sent from Arena Theatre to ticketholders, the Court would be unable to accord complete relief amongst the parties in Arena Theatre's absence. Accordingly, Arena Theatre should be joined as a necessary party in this suit under Federal Rule of Civil Procedure 19(a)(1)(A).

Austin also argues that Arena Theatre should not be joined as a counterclaim defendant. Document No. 16 at 2. The Fifth Circuit has held that where a party refuses to join a suit as a plaintiff, the court may add that party as a defendant regardless of the actual interest alignment.

> The law generally disfavors forced joinder of a party as a plaintiff with whatever procedural handicaps that normally entails. Under our adversary system the general rule is that only the party who initiates the lawsuit should be saddled with the procedural burdens of a plaintiff. For that reason, absent the "proper case" exception, where there is an obligation to join as a plaintiff, the preferred method is to designate and serve involuntary parties as defendants, regardless of their appropriate interest alignment.

*Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 962 (5th Cir. 1973). The Magistrate Judge properly recommended that Arena Theatre be joined as a counterclaim defendant for the reasons stated in *Eikel* and because Arena Theatre's interests are that of a counterclaim defendant. *See id.*

As stated above, Jenkins has several counterclaims relating to the emails and social media posts sent by Arena Theatre. As a result, Arena Theatre should be joined as a counterclaim defendant.

## Conclusion

For the reasons stated above, the Court hereby

**ORDERS** that the Memorandum and Recommendation (Document No. 15) is **ADOPTED** as to the motions to dismiss. The Court further **ORDERS** that Jenkins's Motion to Compel Joinder (Document No. 7) is **GRANTED**. Jenkins's Motions to Dismiss (Document Nos. 6 & 7) are **DENIED**.

SIGNED at Houston, Texas, this 11th day of January, 2018.

*/s/ Melinda Harmon*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE